IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MELVIN HARRIS, a/k/a MELVIN PARKS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 316-086 |
| NATHAN DEAL, Governor; HOMER BRYSON, Commissioner; PHILLIP HALL, Warden; and FRED GAMMAGE, Warden of Security, | ) ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, brings this case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Before the Court is Plaintiff's motion for a preliminary injunction. (Doc. no. 4.) Although Plaintiff's complaint has not yet been screened pursuant to 28 U.S.C. § 1915A, the Court finds it appropriate to rule on Plaintiff's motion without further delay. For the reasons set forth below, the Court **REPORTS and RECOMMENDS** Plaintiff's motion be **DENIED**.

**I.  DISCUSSION**

Plaintiff alleges Defendants have been deliberately indifferent to several problems at Telfair State Prison, including overcrowding, understaffing, and gang violence. (Doc. no. 4, pp. 2-3.) Plaintiff requests an injunction ordering Defendants to immediately transfer him to a "non-

violent" and "non-gangs" prison. (Id. at 2.) Plaintiff asserts he is afraid of retaliation by Defendants, and seeks compensatory and punitive damages in the amount of $70,000.00.

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not addressed any of the four requirements for obtaining injunctive relief, much less met his burden of persuasion as to those requirements. Plaintiff has offered no evidence to suggest a likelihood of success on the merits of his claims, and instead uses the instant motion merely to reiterate the relief requested in his complaint. (See doc. no. 1.)

Secondly, Plaintiff has not shown he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural

or hypothetical – threat of *future* injury."). Plaintiff does not identify any injury, imminent or otherwise, that he is likely to sustain if he is not granted the relief he seeks. (See generally, doc. no. 4.) Plaintiff's nebulous allegations Defendants will "retaliate" against him are insufficient to show a real and immediate threat of injury.

As for the final two elements of the preliminary injunction inquiry, Plaintiff has offered nothing to suggest any threatened injury outweighs the damage and harm to the public interest caused by this Court ordering a prisoner transfer. Indeed, federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons. See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973). In sum, Plaintiff has not satisfied the requisite elements for a preliminary injunction, and his motion should be denied.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for a preliminary injunction be **DENIED**. (Doc. no. 4.)

SO REPORTED and RECOMMENDED this 13th day of December, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA