IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MELVIN HARRIS, a/k/a<br>MELVIN PARKS, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | ) | CV 316-086 |
| | ) | |
| NATHAN DEAL, Governor;<br>HOMER BRYSON, Commissioner;<br>PHILLIP HALL, Warden;<br>and FRED GAMMAGE, Warden of Security, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff seeks to amend his complaint by inserting an attachment to his originally filed complaint. (Doc. no. 12.) Plaintiff also seeks to bring a class action. (Doc. no. 13.)

Because no responsive pleading has been served, Plaintiff may amend his complaint once as a matter of course, Fed. R. Civ. P. 15(a). Although Plaintiff apparently intends for the Court to read these allegations in conjunction with his original complaint, a plaintiff may not amend his complaint in a piecemeal manner by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Accordingly, the Court hereby **DENIES** the motion

and **ORDERS** Plaintiff to amend his complaint to include all of the allegations and defendants in one document, within fourteen days of the date of this Order.[1] Plaintiff must use the standard form provided along with this Order, with <u>**no more than six handwritten or typed pages attached.**</u> See London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages). If Plaintiff wishes to amend his complaint, he **MUST** file an amended complaint in accordance with the following instructions.

The amended complaint shall supersede and replace in its entirety the previous complaint. Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"); Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007). It must be printed legibly or typed so that the Court may discern Plaintiff's claims. It must contain a caption that clearly identifies, by name, each party that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in Plaintiff's amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing

---

[1] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

2

the factual basis for his complaint.[2] Thus, Plaintiff must name the parties whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that the parties are named in the exhibits attached to her amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior filing shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all related claims that he wishes the Court to consider as a basis for awarding the relief sought.

Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint. If no timely amended complaint is received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

Turning to Plaintiff's "motion for class action lawsuit," the Court notes *pro se* prisoner class action complaints are improper. Indeed, "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class

---

[2]For example, Plaintiff should not simply state, "See attached documents."

3

action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975)). Simply put, incarcerated *pro se* litigants may not bring a class action on behalf of other prisoners. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that a *pro se* litigant "cannot adequately represent [a] putative class"). Any inmate desiring to bring suit against Defendants must initiate a separate action by submitting a signed complaint and either paying the applicable filing fee or filing a motion to proceed *in forma pauperis*. See Loc. R. 4.1. Accordingly, the Court **DENIES** Petitioner's motion for a class action. (Doc. no. 13.)

SO ORDERED this 17th day of January, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA